IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ELLA S. KENNAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:10-cv-01112-RBP |
| | ) |
| GUIDE ONE INSURANCE, | ) |
| a corporation or other business entity, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This cause is before the court on the defendant Guide One Mutual Insurance Company's Motion for Summary Judgment filed March 17, 2011. (Doc. 10). The Memorandum Opinion and Order issued by this court on May 24, 2011 granted summary judgment on Count II, the bad faith claim. (Doc. 26). The court reserved judgment on Count I, the breach of insurance contract claim. The court heard oral arguments on this latter issue on June 13, 2011.

**Facts and Procedural History**

The facts as set out in the initial Memorandum Opinion of May 24, 2011 are adopted here as if set out in full. These are read in the light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-255 (1986).

A fire in the plaintiff's residence on March 19, 2008 completely destroyed the home. The home was insured against fire and casualty by the defendant. Kennamer submitted a proof of loss to Guide One on May 13, 2008, totaling $742,096.84, which included the cost of the home's contents. The contents inventory submitted enumerated everything she claimed was destroyed in

1

the fire and totaled $212,890.84.

Guide One hired an investigator to examine the debris and determine the extent of the contents of the home at the time of the fire. Guide One has provided evidence showing Kennamer's motivations to deceive Guide One, as well as evidence to prove Kennamer had misrepresented certain personal items and furniture as destroyed by the fire when they were actually safe in a storage unit that was searched by law enforcement officials. Kennamer was arrested on June 27, 2008 and charged with arson and theft by deception in regards to the claim she filed with Guide One. The criminal trial concluded on July 16, 2012, finding Kennamer guilty of the lesser included offense of attempted theft of property first degree by deception. The defendant filed a supplemental brief in support of its motion for summary judgment on July 30, 2012. (Doc. 33). The plaintiff requested an extension of time to respond to the supplemental brief (Doc. 35) and was granted such until 10 days after the final ruling by the trial court hearing her criminal charges. Kennamer filed for a Motion for Judgment of Acquittal or, in the alternative, a Motion for New Trial, both of which were denied by the trial court on September 24, 2012 (*See State of Alabama v. Kennamer*, Case No.: CC-2008-000365.00, Circuit Court of Marshall County, Alabama.) This court considers the criminal trial court's ruling to have become final on September 24, 2012. The plaintiff has failed to respond to the supplemental brief.

**Legal Standards**

*Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323. Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks and citation omitted). The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings. *Id.* "[T]he plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine

---

[1] Even though Rule 56 was amended in 2010, "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56, Advisory Committee's Note (2010 Amendments).

issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The substantive law will identify which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11 (1983). The nonmoving party, however, "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249; *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Further, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254. Even so, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the province of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in her favor. *Id.* at 255. But the non-movant need not be given the benefit of every inference, but only of every reasonable inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

*Intent to Deceive*

Section 27-14-28 of the Alabama Code (1975) states: "No misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with *actual intent to deceive* as to a matter material to the insured's rights under the policy." (Emphasis added). The Alabama Supreme Court has interpreted "§ 27-14-28 as a clear statutory expression of the public policy of this state that, where an insured materially misrepresents to an insurer the proof of his loss *with an intent* to deceive, the insurer need not honor, and pay pursuant to, the contract of insurance." *Ex parte State Farm Fire & Cas. Co.*, 523 So.2d 119, 121 (Ala. 1988) (emphasis in original). Accordingly, an insurer must establish: (1) *misrepresentation(s)* on the part of the insured made to the insurer; (2) concerning a matter which is *material* to the insured's rights under the policy; and (3) the insured's *intent* to deceive the insurer in so doing. *See id.*

## Analysis

As stated in the initial Memorandum Opinion, the plaintiff did not dispute making misrepresentations to the defendant in the proof of loss she filed, thus satisfying the first of the three elements an insurer must establish to deny a claim based on misrepresentation. *See id.* Additionally, this court found that the alleged misrepresentations were extravagant over-evaluations, possibly "lead[ing] to the conclusion that it was due . . . to an intention to defraud. *Hartford Fire Ins. Co. v. Clark*, 61 So.2d 19, 27 (Ala. 1952).

## Conclusion

The plaintiff has not met her burden to rebut the evidence offered by the defendant in

support of its motion for summary judgment. Said motion will be granted.[2]

This the 5th day of November, 2012.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] The court will leave it to the parties to address the effect, if any, of the state court conviction if there is an appeal.